# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| GEORGE MORRIS | §<br>§  Civil Action No. 4:15-CV-724 |
| v. | §  (Judge Mazzant/Judge Nowak)<br>§ |
| V4V1 VEHICLES FOR VETERANS | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Copart, Inc.'s Motion to Alter or Amend the Judgment to award Defendant Costs and Attorneys' Fees (Dkt. #75) and Plaintiff George Morris's Motion of Appeal of Magistrate Judge's Verdict & Jury Trial Request (Dkt. #76). The Court, having considered the relevant pleadings, finds each motion is denied.

Plaintiff George Morris is the owner of telephone number 972-XXX-XXXX, which is registered on the federal do-not-call-list. In 2015, Plaintiff received a number of calls to that number; these calls formed the basis of Plaintiff's suit. Plaintiff alleged Defendant Copart ("Copart") violated the Telephone Consumer Protection Act ("TCPA") by contacting him on his telephone number. The Court granted Copart's motion for summary judgment on November 9, 2016, and dismissed each of Plaintiff's claims against Copart with prejudice (Dkt. #61). On November 28, 2016, Copart filed its first Motion to Alter or Amend the Judgment to Award Defendant Costs and Attorneys' Fees ("First Motion to Alter") (Dkt. #65); however, the Court had not yet entered a Final Judgment. The Court denied Copart's First Motion to Alter as moot subject to refiling after the Court's entry of final judgment (Dkt. #73). The Final Judgment was entered on April 20, 2017, in Copart's favor, stating "Plaintiff George Morris take nothing on all claims asserted against Defendant Copart. Plaintiff's claims are hereby DISMISSED with prejudice" (Dkt. #74). The Final Judgment did not address costs. After the Court entered a Final

Judgment, Copart filed the instant Motion to Alter or Amend the Judgment to award Defendant Costs and Attorneys' Fees ("Copart's Motion") (Dkt. #75), requesting the Court alter its Final Judgment to allow Copart to recover its costs, including taxable costs and attorneys' fees. Also, on May 11, 2017, Plaintiff filed its Motion of Appeal of Magistrate Judge's Verdict & Jury Trial Request ("Plaintiff's Motion") (Dkt. #76); Copart filed its Response on May 18, 2017 (Dkt. #77). The Court first considers Copart's Motion.

Defendant moves pursuant to Federal Rule of Civil Procedure 59(e) to seek an alteration or amendment of the Final Judgment. Defendant argues the Court should alter or amend its Final Judgment to allow Copart, the prevailing party, to recover its costs—including taxable costs and attorneys' fees. Specifically, Copart argues that, despite alerting Plaintiff in multiple filings that it was seeking an award of costs and attorneys' fees for defending against his claims, the Court did not address such request for costs in the Final Judgment.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A motion to alter or amend judgment may be granted on grounds including: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (emphasis added). It is "an extraordinary remedy that should be used sparingly," but courts have a great deal of discretion in ruling on a 59(e) motion. *Templet*, 367 F.3d at 479.

Copart's Motion argues the Final Judgment did not address costs and seeks an amendment expressly awarding its costs. Copart seemingly asserts that a judgment must explicitly state costs are awarded. However, an express award of costs is unnecessary. In *Whatley*, this Court held that "[a] natural reading of Rule 54(d) would lead one to conclude that a judgment silent about costs is a judgment awarding costs because the district court has not provided otherwise." *Whatley v. AHF Fin. Servs., LLC*, No. 4:11-CV-488, 2013 WL 4771466, *3 (E.D. Tex. Sept. 5, 2013) (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544-45 (5th Cir. 1983) (holding that, where a judgment is silent about costs, the judgment is one allowing costs by implication from Rule 54(d)), *overruled on other grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986)). Here, the judgment was silent about costs; therefore, Copart, as the prevailing party, was awarded costs by implication, and explicit language awarding costs to Copart is unnecessary. *See Williams v. Target Corp.*, No. 4:14CV62, 2015 WL 4885237, at *3 (E.D. Tex. Aug. 14, 2015) (Mazzant, J.) (finding "an alteration or amendment of the judgment to explicitly include the words . . . 'awarded costs' unnecessary and that the original judgment sufficiently notified Defendant that, as the prevailing party, it was entitled to tax costs against the Plaintiff in this case"). Since the Final Judgment is a final judgment awarding costs to Copart as the prevailing party pursuant to Federal Rule 54(d), no alteration or amendment of the judgment is necessary.

Furthermore, as to the entry of an award for its costs, Copart was required to comply with Federal Rule 54(d)(1) and Local Rule CV–54. "Rule 54(d) sets out no specific time limit for filing a bill of costs, effectively allowing a party to wait until after appeal." *Power–One, Inc. v. Artesyn Techs., Inc.*, No. 2:05cv463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 454 n.17 (1982) (noting that Rule 54(d) specifies no time barrier for motions for costs)). Eastern District of Texas Local Rule CV–54(a) states:

3

> A party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs. Unless otherwise provided by statute or by an order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than fourteen days after the clerk enters the judgment on the docket.

Local Rule 54(b) requires a party to confer with opposing counsel prior to filing a bill of costs to determine if there are any areas of disagreement in an effort to submit an agreed bill of costs. Copart has not filed or sought leave to file a bill of costs in this case.

With respect to attorneys' fees, Copart contends that it is entitled to attorneys' fees under Federal Rule of Civil Procedure 54(d) (Dkt. #75 at 4). However, Rule 54(d) itself does not entitle a party to an award of attorneys' fees, but rather requires a motion for attorneys' fees to "specify the judgment, statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2(B)(ii). The United States Supreme Court held that "[u]nder the 'bedrock principle known as the "American Rule," '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 166 (2013). Accordingly, the Court declines to award attorneys' fees under Rule 54(d). "Notwithstanding the American Rule, however, we have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Id.* The Court notes that attorneys' fees may be assessed against a *pro se* litigant under its inherent power to award sanctions when the litigant is shown to have pursued litigation in bad faith. *Swiney v. Texas*, No. SA-06-CA-0941 FB NN, 2008 WL 2713756, at *3 (W.D. Tex. July 3, 2008). However, before a party may be assessed fees on the basis of bad-faith litigation, "the court must make specific findings as to the frivolousness of the suit." *Id.* at *4 (citing *Crenshaw v. Gen. Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991)); *Barcroft v. Gibbs*, No. 416CV00562ALMCAN, 2017 WL 1499247, at *5 n.7 (E.D. Tex. Apr. 5, 2017), *report and*

4

*recommendation adopted*, No. 4:16-CV-562, 2017 WL 1498532 (E.D. Tex. Apr. 25, 2017). As examples of bad faith, Copart's Motion argues Plaintiff has filed "at least 30 other lawsuits against callers he alleges to be telemarketers" and that, here, "Plaintiff sought to hoodwink a charity benefiting United States veterans by tricking them into believing he would donate a vehicle to their cause, and he then attempted to swindle a large corporation by filing a frivolous lawsuit for calls he received in response to his own repugnant attempt at humor" (Dkt. #75 at 3). While it is true that Plaintiff informed "Donate That Car" that he desired to donate a vehicle, Plaintiff alleged he made such false representation to find out who was responsible for making the numerous calls to his telephone number (Dkt. #61 at 2). The Court finds an insufficient basis for concluding that Plaintiff acted in bad faith. For these reasons, the Court finds that Copart's Motion (Dkt. #75) is **DENIED**. The Court now turns to consider Plaintiff's Motion.

Plaintiff's Motion is entitled Motion of Appeal of Magistrate Judge's Verdict & Jury Trial Request (Dkt. #76). Plaintiff requests therein that the Court: (1) schedule the case for jury trial; (2) deny Copart's Motion; or (3) schedule any necessary hearings to discuss the merits of Copart's Motion. To the extent Plaintiff's "Motion of Appeal" is a motion to reconsider the Court's judgment, such request is denied. Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id.* at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Verdin v. Fed. Nat'l. Mortg. Ass'n*, No. 4:10-CV-590, 2012 WL 2803751, at *1 (E.D. Tex. July 10, 2012) (citations omitted). Plaintiff's Motion argues "Copart has yet to

5

properly answer discovery and has failed to disclose their [sic] contractual relationship with V4V1" and "that upon completion of full discovery in this matter, the facts will find the Defendant's [sic] guilty of the charges laid out against them [sic]" (Dkt. #76 at 1). The Court has already considered these arguments and found them unpersuasive (Dkt. #61 at 10). To the extent Plaintiff's Motion seeks for the Court to deny Copart's Motion, such request is moot in light of the Court's findings above. To the extent Plaintiff's Motion requests a hearing on Copart's Motion, such request is denied. Local Rule CV-7(g) of the Eastern District of Texas states that "[a] party may in a motion or response specifically request an oral hearing, but the allowance of an oral hearing shall be within the sole discretion of the judge to whom the motion is assigned." Eastern District of Texas Local Rule CV–7(g). In light of the findings above, the Court concludes that a hearing is unnecessary to resolve Copart's Motion. For these reasons, the Court finds that Plaintiff's Motion (Dkt. #76) is **DENIED**.

It is therefore **ORDERED** that Defendant Copart, Inc.'s Motion to Alter or Amend the Judgment to award Defendant Costs and Attorneys' Fees (Dkt. #75) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff George Morris's Motion of Appeal of Magistrate Judge's Verdict & Jury Trial Request (Dkt. #76) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 18th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE